[Civ. No. 1407. Fourth Appellate District.—December 14, 1933.]

CALICO–ODESSA MINING COMPANY (a Corporation), Appellant, v. HENRY W. BRITT, Respondent.

Emery B. Tyler for Appellant.

Benjamin S. Crow for Respondent.

MARKS, J.—This is an action involving the validity of lode mining locations in the Calico Mining District in San Bernardino County. Appellant claims through deeds executed by J. R. Lane and L. B. Lane, his wife, to the Bismark and Veto Mining Claims. Respondent claims under locations which he made in September and October, 1924, of the Argentum No. 1, Argentum No. 2 and Argentum

No. 3. While the properties overlap, their boundaries do not correspond. Mrs. Lane made her locations in July, 1925, and it is admitted that if respondent's locations were valid, appellant's case must fail as respondent remained in possession and did his required assessment work on the properties. Appellant virtually concedes that respondent's locations were valid against the claims of Mrs. Lane and her successor in interest, unless the locations of the Bismark and Veto claims by J. R. Lane on July 1, 1923, were lawful, which would defeat the locations by respondent in 1924.

The trial court concluded that neither Mr. nor Mrs. Lane had lawfully located the claims. The only question necessary for our consideration is whether there is any material and competent evidence in the record supporting this conclusion. If there is we cannot disturb the judgment, even though it seems to us that the greater weight of the evidence is in favor of the cause of appellant.

J. R. Lane testified that on July 1, 1923, after 12 o'clock noon, he built substantial rock monuments at each corner of the two claims and placed his location notices in tin tobacco cans in the monument at the southeast corner of the Bismark, and the northwest corner of the Veto claims, which is the common point of juncture of the two properties. A witness for respondent testified that he was over the two claims in the fall of 1923 and that there was no monument at the southwest corner of the Bismark claim. Other witnesses testified that later they were over the properties and there were no monuments at the places Lane claimed to have built them; that they particularly searched the common corner of the Bismark and Veto claims; that the monument described by Lane as built by himself was not there; that they searched for location notices and found none signed by him; that they found two location notices signed by Mrs. Lane, one dated in January, 1921, and the other in July, 1921. Neither Mr. nor Mrs. Lane had done any assessment work on either of the properties prior to 1927.

While the evidence offered by respondent rebutting the testimony of Mr. Lane on the time and manner of his location of the two claims is negative in character and largely circumstantial, it is competent and material in that it supports the conclusion that his locations were not lawfully made. Lane testified that he located a number of

claims on July 1, 1923, and built numerous rock monuments on a number of them. Some of the claims were separated from the others by considerable distances. His testimony might well have suggested to the trial judge the physical impossibility of making all these locations and building all these monuments in the short time within which he claimed to have performed these operations. This might have created a serious doubt in the mind of the judge on the question of Lane's veracity, or at least his recollection, and have been largely responsible for the conclusions reached. The trial judge is given the right to weigh and determine the sufficiency of the evidence and the credibility of the witnesses. We cannot disturb a judgment supported by evidence simply because the conflicting testimony of a witness, if believed and accepted as true, would have resulted in a different judgment.

The conclusion reached in the court below that the two mining locations made by J. R. Lane on July 1, 1923, were not legally and lawfully made, left the ground open for other locators. Respondent having properly located his claims in 1924, and having done his assessment work, the property was not open for location by Mrs. Lane, so that she had nothing to convey to appellant.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.